UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DONALD L. LEE,

        Petitioner,

        v.                                    Case No. 16-C-0639

BYRAN BARTOW,

        Respondent.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DISMISSING CASE

Donald Lee filed a petition under 28 U.S.C. § 2254, asserting that a registrar within the Wisconsin Department of Corrections (DOC) announced he would be released two days later than he should be released. Because the petition was filed only forty-two days before Lee's desired release date, the court ordered an expedited answer to the petition and allowed Lee a reply. Respondent, Byran Bartow, responded with arguments that Lee had not exhausted his state remedies and that on the merits Lee was wrong. Lee did not file a reply even though given the opportunity.

Lee was convicted in Milwaukee County Circuit Court of multiple charges in two separate cases. On July 3, 2008, in case number 07CF5821, he was convicted of a felony (burglary) and given a consecutive (to prior convictions) eight-year sentence, bifurcated into four years of incarceration and four years of extended supervision. (Doc. 10 Ex. 1 at 1.) Almost five years later, on April 9, 2013, in case number 12CM4557, Lee was convicted of two misdemeanors (retail theft and bail jumping) and sentenced to 150 days and 180 days, consecutive "to any other sentence." (Doc. 10 Ex. 2 at 1–2.)

In his petition, Lee claims four grounds for relief, though all involve the same issue: his desired physical release date which differs from the date calculated by the DOC. Grounds one and four, as labeled by Lee, assert that the Wisconsin Resource Center (WRC) registrar told Lee that the maximum discharge date for his sentences in the two criminal cases mentioned above was Thursday, July 14, 2016, rather than Tuesday, July 12, 2016. Lee contends that serving two extra days would deny him his freedom and constitutes false imprisonment In ground two, Lee maintains that the WRC registrar would falsely imprison him based on her mistake regarding the sentences in those criminal cases (though in this ground Lee also indicates that his sentences expire February 19, 2019). In ground three, Lee submits (confusingly) that the felony sentence in 07CF5821 was consecutive to any other sentence and that the misdemeanor sentences in 12CM4557 were consecutive to the felony sentence in 07CF5821 (again with a discharge date of February 19, 2019).

Bartow's exhibits — court and DOC documents that are considered part of the pleadings and are subject to judicial notice — show that Lee's release in July 2016 was not an initial release on parole or extended supervision. Instead, his release followed *revocation* sentences. Lee had been released from prison on April 28, 2015 — on extended supervision in felony case 07CF5821 and on parole in misdemeanor case 12CM4557. On September 9, 2015, the DOC (1) revoked Lee's extended supervision and ordered him reincarcerated for nine months, and (2) revoked Lee's parole and ordered him reincarcerated for three months, twenty-six days. (Doc. 10 Ex. 3.) The DOC's computation records of November 2015 show that the reincarceration term for the revoked parole equaled the time remaining on the misdemeanor sentences, meaning those sentences

2

would be fully discharged after the reincarceration. However, after serving the nine months on the revoked extended supervision, Lee would have two years, seven months, and one day left to serve on extended supervision for the felony sentence. (Doc. 10 Ex. 4.) The DOC calculated that Lee would be released from prison on July 14, 2016. *Id.*; Doc. 1 at 7.) Bartow's exhibits indicate that the extended supervision in felony case 07CF5821 would expire on February 15, 2019. (Doc. 10 Ex. 4.)

First, Bartow argues that Lee failed to exhaust his state-court remedies. In general, an application for writ of habeas corpus may not be granted unless the applicant exhausted state-court remedies. 28 U.S.C. § 2254(b)(1)(A). By not replying to Bartow's response, Lee has conceded that he did not exhaust state remedies. However, the court notes that exhaustion is excused if circumstances exist that render the state-court process ineffective. § 2254(b)(1)(B)(ii). Because of the tight time frame for consideration of Lee's petition and his desired release date, sufficient time for presenting the issue to the Wisconsin courts may not have existed, possibly making the process ineffective.

But this court need not delve further into whether Lee's state-court remedies were effective. A habeas petition may be denied on the merits, notwithstanding any failure to exhaust the claim in the state courts. § 2254(b)(2). Lee's petition must be denied on the merits.

As indicated by Bartow's unchallenged response to Lee's petition, it appears that the allegations in Lee's petition are based on statutory provisions that allow for inmate transition from incarceration to parole or extended supervision to be released on the Tuesday prior to the prisoner's calculated release date. *See* Wis. Stat. §§ 302.11(6) ("Any inmate released on parole . . . is subject to all conditions and rules of parole until the

3

expiration of the sentence or until he or she is discharged by the department. Except as provided in ch. 304, releases from prison shall be on the Tuesday or Wednesday preceding the release date."), 302.113(8) ("Releases to extended supervision from prison shall be on the Tuesday or Wednesday preceding the date on which he or she completes the term of imprisonment."). Lee, not having filed a reply, does not dispute Bartow's characterization of the claim here as based on these statutes, and the court agrees with Bartow's interpretation of the petition. Lee contends that he was "max discharging and [had] 2yrs. 4 months of E.S. and I supposedly get rel[eased] on Tue" and that "[a]n E.S. Inmate [must] get out on Tuesday Not Thurs." (Doc. 1 at 5, 7.) The date he alleges that he should have been released, July 12, 2016, was a Tuesday. Hence, Lee suggests that even if his release date is calculated as Thursday, July 14, he was entitled to get out on the Tuesday before.

But the above-quoted, general Tuesday-release provisions are overtaken by other statutory provisions applicable to revocation sentences. Regarding revocations of parole,

> (am) The reviewing authority may return a parolee . . . to prison for a period up to the remainder of the sentence for a violation of the conditions of parole. . . .
>
> (b) A parolee returned to prison for violation of the conditions of parole shall be incarcerated for the entire period of time determined by the reviewing authority unless paroled earlier . . . .

§ 301.11(7). Regarding revocations of extended supervision,

> (am) If a person released to extended supervision under this section violates a condition of extended supervision, the reviewing authority may revoke the extended supervision of the person. If the extended supervision of the person is revoked, the reviewing authority shall order the person to be returned to prison for any specified period of time that does not exceed the time remaining on the bifurcated sentence. . . .

4

> (b) A person who is returned to prison after revocation of extended supervision shall be incarcerated for the entire period of time specified by the order under par. (am). . . . If a person is returned to prison under par. (am) for a period of time that is less than the time remaining on the bifurcated sentence, the person shall be released to extended supervision after he or she has served the period of time specified by the order . . . .

§ 302.113(9). These provisions regarding *revocation* sentences indicate (emphasis added) that the prisoner "shall be incarcerated *for the entire period of time* determined" by the revoking authority. Thus, a revoked-prisoner serves the entire sentence, notwithstanding that a different provision provides for initial parolees and supervisees to get out of custody on the Tuesday (or Wednesday) prior. Put another way, the two Tuesday-release provisions do not govern the situation where an inmate is released from reincarceration following revocation of parole, extended supervision, or both.

Moreover, the Tuesday-release provision in § 302.11(6) cannot apply to Lee because it governs release on parole and Lee has no parole left to serve. Lee was reincarcerated for the full remainder of his original sentence in misdemeanor case 12CM4557; at the end of the parole-revocation term the misdemeanor sentences were fully discharged. No parole remained for Lee to serve, so he could not be released *on parole* on the Tuesday prior.

Lee's petition is difficult to read and understand, but, construing it liberally, he may be asserting that his extended supervision sentence was consecutive to the parole sentence, and, therefore, the provision regarding release on extended supervision (not on parole) on a Tuesday still applies because he was re-released on the supervision sentence. The court disagrees. As stated above, the general Tuesday-release provision is displaced by the more specific provision regarding revocation sentences, the latter of

5

which requires the prisoner to serve the entire revocation sentence. Further, Wis. Stat. § 973.15(2m)(d)(2) provides that if an indeterminate sentence (such as Lee's misdemeanor sentence in case 12CM4557) is imposed consecutively to a determinate sentence (such as Lee's felony sentence in case 07CF5821) the prisoner serves the indeterminate sentence after the determinate sentence. Assuming § 973.15(2m)(d)(2) applies, the misdemeanor incarceration, which resulted in no additional parole, succeeded the felony incarceration such that the Tuesday-release provision could not apply at all. Then, under *State ex rel. Thomas v. Schwarz*, 2007 WI 57, ¶ 52, 300 Wis. 2d 381, 732 N.W.2d 1, the additional extended supervision term followed the discharge of the misdemeanor sentence.

For the foregoing reasons,

IT IS ORDERED that Lee's petition for writ of habeas corpus is denied on the merits and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2017.

BY THE COURT

/s/ C. N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE